IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Ronald E. Rousseau, | ) |
|     Petitioner, | ) **REPORT AND RECOMMENDATIONS** |
| vs. | ) Case No. 1:24-cv-249 |
| Cheyenne River Sioux Tribe, Tracy Zephier, Susan Keckler, Garrett Keegan, Judge Brenda Claymore, Mark Van Norman, Kimberly Craven, Judge Margeret Egan-Bad Warrior, Ryman LeBeau, Kevin Keckler, Evan White Feather, Steve Moran, Ted Knife, Jr., John Kessler, Kenrick Dupris, Sharon Lee, Merrie Miller, Kelsie Haskell, Thad Rose, Tuffy Thompson, Bob Walters, Joe Brings Plenty, Sr., Wendy Wells, Alison Ramsdell, John Burge, Richard Melville, Greg Bourland, Bartholomew Stevens, Bureau of Indian Affairs, Office of Justice Services, United States Department of Justice, Fran Carr, Jon Flatland, West River Eagle, Timber Lake Topic, | ) |
|     Respondents. | ) |

Petitioner, Ronald E. Rousseau, seeks habeas corpus relief pursuant to 25 U.S.C. § 1303 and 28 U.S.C. §§ 2241, 2254. (Doc. No. 1 at 2-3). Coupled with his habeas petition, Rousseau brings claims under 42 U.S.C. § 1983, <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Federal Tort Claims Act, the Administrative Procedure Act, and various other federal laws. <u>Id.</u> at 4-7. Rousseau's claims are alleged against 35 Respondents including the Cheyenne River Sioux Tribe (CRST), CRST officials, the Bureau of Indian Affairs (BIA), BIA agents and officials, the United States Attorney for South Dakota, the Office of Justice Services, the United States Department of Justice, and others. <u>Id.</u> at 12-15.

1

On December 16, 2024, Rousseau filed an "Amended Motion for Writ of Habeas Corpus." (Doc. No. 5). The Amended Motion contained some minor revisions to Rousseau's allegations. On January 30, 2025, Rousseau filed a motion for leave to submit a "Second Amended Motion for Writ of Habeas Corpus." (Doc. No. 9). The Second Amended Motion alleged new evidence to support the "egregious violations of the Plaintiff's Eighth Amendment Rights." Id. at 2.

This matter has been referred to the undersigned Magistrate Judge for initial review. See D.N.D. Civ. L.R. 72.1(B)(9). For the reasons explained below, the Court recommends Rousseau's action be dismissed without prejudice for lack of personal jurisdiction over the Respondents.

I.      BACKGROUND

Rousseau, a member of the CRST, was found guilty of abuse of an elder or disabled adult by the Cheyenne River Sioux Tribal Court ("Tribal Court") on February 28, 2024.[1] (Doc. No. 5 at 7; see also Doc. 3-14 at 1). The CRST is located within the physical boundaries of the State of South Dakota. Id. at 12; (see also https://www.cheyenneriversioux.com). Rousseau currently lives in Bismarck, North Dakota. Id. at 11, 15.

On June 6, 2024, the Tribal Court entered a Final Order Suspending Imposition of Sentence in Rousseau's criminal case. (Doc. 3-14). The Tribal Court suspended Rousseau's sentence and placed him on probation for one year with conditions. Id. The Order specifically provided that the Tribal Court could revoke the suspension at any time and reinstate Rousseau's sentence. Id. Rousseau appealed his conviction to the Cheyenne River Sioux Tribal Court of Appeals. (Doc. No. 5 at 7-8). A hearing was held on November 8, 2024, but due to the lack of a third justice, the

---

[1] The Court refers to the allegations in the Amended Motion, Doc. No. 5, herein as the operative pleading. For purposes of this review, the Court assumes the allegations as true.

Tribal Court of Appeals concluded it was unable to adjudicate Rousseau's appeal. Id. at 7, 9. Rousseau's appeal remains pending.

Rousseau seeks habeas relief from his conviction and attempts to appeal his conviction and sentence in this Court, Rousseau asserts:

> I . . . respectfully petition this Court for a writ of habeas corpus under 25 U.S.C. § 1303. I appeal the inability of the Cheyenne River Sioux Tribal Court of Appeals to hear my case, which is preventing me from exercising my civil liberties. Although I am not currently in physical custody, the writ of habeas corpus must address the significant impediment to my ability to appeal constitutional violations committed by the lower court. I request the federal court to affirm these violations and permit me to appeal my case before them.

Id. at 15.

Rousseau further asserts:

> Since the conviction, I have faced severe repercussions: I have been removed from the tribal council, displaced into homelessness, plunged into personal financial crisis, and unable to find work. My ability to apply for jobs with the North Dakota National Guard has been hindered, I have been unable to receive federal tuition assistance as a combat veteran, reprimanded by the Army National Guard, and am currently facing the withdrawal of federal recognition from the Army National Guard. The stress and hardships imposed upon my family have been immense, resulting in severe emotional distress and even leading to my spouse suffering two miscarriages. These are the civil liberties that I am being deprived of, and the deprivation is at the hands of the tribal government.

Id. at 16.

Rosseau seeks not only habeas relief in this action. As briefly outlined above, Rousseau also asserts a multitude of civil claims seeking compensatory damages for "severe emotional distress and financial hardship" under 42 U.S.C. § 1983 and Bivens, among others. Id. at 32. In addition, he seeks injunctive, mandamus, and declaratory judgment. Id. at 32-33.

II.     **REVIEW UNDER RULE 4**

Rousseau petitions the Court for habeas relief under 25 U.S.C. § 1303.² Section 1303 provides the specific avenue to test the legality of a person's detention by order of an Indian Tribe. Id. Review of Rousseau's § 1303 petition is guided by the Rules Governing Section 2254 Cases. See Rules Governing Section 2254 Cases in the United States District Court, Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."); Loonsfoot v. Brogan, No. 2:21-CV-89, 2021 WL 1940400, at *2 (W.D. Mich. May 14, 2021).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court must conduct a preliminary review of the petition. If it plainly appears that the petitioner is not entitled to habeas relief, the petition must be dismissed. The Court is further required to raise jurisdictional issues sua sponte when there is an indication that jurisdiction may be lacking. Payer v. Turtle Mountain Tribal Council, No. A4-03-105, No. 2003 WL 22339181, at *6 (D.N.D. Oct. 1, 2003).

A.     **Section 1303's Detention Requirement**

To invoke a federal court's subject matter jurisdiction under 25 U.S.C. § 1303, a person seeking habeas relief must be in "detention by order of an Indian tribe." In Payer, the District of North Dakota addressed what constitutes "detention" for purposes of 25 U.S.C. § 1303. Id. at *4. Noting the Eighth Circuit Court of Appeals had yet to squarely address the issue, the court was persuaded by the Second Circuit's analysis in Poodry v. Tonawanda Band of Seneca Indians, 85

---

² Though Rousseau also asserts jurisdiction under 28 U.S.C. §§ 2241 and 2254, Section 1303 is the exclusive remedy for violations of the Indian Civil Rights Act (ICRA). Springer v. Sherman, No. 8:23CV14, 2023 WL 8358394, at *2 (D. Neb. Dec. 1, 2023) (citing Santa Clara Pueblo v. Martinez, 436 U.S. 49, 66-72 (1978)).

F.3d 874, 880 (2d Cir. 1996) and held the term "detention" is coextensive with the term "custody" as used in 28 U.S.C. §§ 2254, 2255. Id.

"The meaning of 'custody' has been broadened so that it is no longer limited . . . to physical custody alone but also applies where individuals are subject both to 'significant restraints on liberty . . . which [are] not shared by the public generally,' along with 'some type of continuing governmental supervision.'" Obado v. New Jersey, 328 F.3d 716, 717 (3d Cir. 2003) (citations omitted). Thus, a petitioner may be "in custody" if he or she is placed on parole conditioned upon regular reporting requirements to a parole officer, remaining in a particular community, residence, and job, and refraining from certain activities. Maleng v. Cook, 490 U.S. 488, 491 (1989). However, "a habeas petitioner does not remain 'in custody' under a conviction after the sentence imposed for it has fully expired[.]" Alaska v. Wright, 593 U.S. 152, 154 (2021) (internal quotations omitted).

Rousseau's sentence was suspended by the Tribal Court on June 6, 2024, and he is not in physical custody. (Doc. No. 3-14). Nevertheless, Rousseau appears to still meet the "detention" requirement because he is on probation, remains subject to supervision, and the Tribal Court reserved jurisdiction to revoke the suspended sentence at any time "without diminishment or credit for any of the time that Defendant was on probation[.]" Id. at 2-3. For these reasons, Rousseau's habeas action falls within the requirements of 25 U.S.C. § 1303, allowing him to seek habeas relief.

The Court must next consider whether jurisdiction over the Respondents lies in the District of North Dakota.

B.      **Jurisdiction over Respondents**

District courts are limited to granting habeas relief "within their respective jurisdictions.' 28 U.S.C. § 2241(a). The Supreme Court has "interpreted this language to require 'nothing more

than that the court issuing the writ have jurisdiction over the custodian.'" Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004).

Rousseau names 35 Respondents in his petition. "[T]here is generally only one proper respondent to a given prisoner's habeas petition." Padilla, 542 U.S. at 434. This is the person who has custody over the prisoner and "the ability to produce the prisoner's body before the habeas court." Id. Such custodian is usually the warden of the facility where the prisoner is held. In cases like Rousseau's, where there is no immediate physical custodian, courts have concluded the proper respondent is the person or institution who has authority over petitioner's sentence and the "power to give the petitioner what he seeks if the petition has merit—namely, his unconditional freedom." E.g., Liska v. Macarro, No. 08-CV-1872, 2010 WL 3718300, at *2 (S.D. Cal. Sept. 17, 2010) (quoting Poodry, 85 F.3d at 899) (internal quotations omitted).

To grant Rousseau any relief the Court must have jurisdiction over the custodian or proper respondent in the habeas action. See Padilla, 542 U.S. at 442, 444. Rosseau's petition does not clearly identify who the person or entity is that could grant him "unconditional freedom." Regardless of who the proper respondent may be in this case, one thing is clear: none of the named Respondents is a resident of North Dakota. Instead, as identified by Rousseau, most of the Respondents live in Dewey County, South Dakota. (Doc. No. 1 at 12-15). The persons and/or entities who are not located in South Dakota, are alleged to be located in Washington, D.C. Id. Furthermore, none of the events or actions Rousseau complains of occurred in North Dakota.[3]

Federal courts are courts of limited jurisdiction. Under similar circumstances, the District of Colorado in Tenorio v. High Hawk, 350 F. Supp.3d 960 (D. Colo. 2018), dismissed a § 1303

---

[3] Rousseau alleges the action was brought in the District Court of North Dakota for his convenience and his inability to travel to South Dakota. (Doc. No. 5 at 3-4).

petition because it lacked jurisdiction over the respondent. The petitioner in Tenorio was a member of the Pueblo of Kewa, a New Mexico Tribe. Id. at 962. The petitioner was held in a detention center in Colorado, but he was released from physical custody during the habeas proceedings. Id. at 962-63. Though not in custody, the petitioner still sought habeas relief to challenge his conviction and reverse the tribal banishment order. Id. at 963. The District of Colorado found it lacked jurisdiction over any of the respondents, who were members of the New Mexico Tribe. Because there were no facts indicating the tribal court or any of the tribal officials were situated within the territorial jurisdiction of the District of Colorado and none of the events giving rise to the action occurred within that district, the court dismissed the habeas petition for lack of personal jurisdiction. Id. at 966.

A similar result is warranted here. None of the Respondents is located within the territorial jurisdiction of North Dakota and none of the events giving rise to Rousseau's petition occurred in North Dakota. Thus, this Court does not have jurisdiction to grant the relief Rousseau requests. See Padilla, 542 U.S. at 442 ("District courts can grant habeas corpus relief only 'within their respective jurisdictions,' which requires that the district court have jurisdiction over the plaintiff's custodian") (internal citation omitted); see also Purley v. Toledo Fed. Court, No. 3:24-cv-01211, 2025 WL 240737, at *5 (N.D. Ohio Jan. 17, 2025) report and recommendation (holding the district court lacked personal jurisdiction over the petitioner's custodian who was absent from the territorial jurisdiction of the court) (collecting cases); Campbell v. Reiser, No. 14-96, 2015 WL 671998 (D. Minn. Jan. 20, 2015), report and recommendation adopted, 2015 WL 672065 (Feb. 17, 2015) ("Courts have consistently held that the absence of a petitioner's custodian from the territorial jurisdiction of the district court is fatal to habeas jurisdiction.") (collecting cases); Nken v. Napolitano, 607 F. Supp.2d 149, 162 (D.D.C. 2009) (dismissing habeas petition because the

7

District of Columbia lacked personal jurisdiction over the warden of a Maryland facility); Barton v. Ashcroft, 152 F. Supp. 2d 235, 238 (D. Conn. 2001) ("a writ may not issue where a court lacks personal jurisdiction over the custodian").

Further, Rousseau did not allege diversity of citizenship under 28 U.S.C. § 1332 as a basis for jurisdiction. Even if he had, jurisdiction over the Respondents would still fail. "A federal court in a diversity action may assume jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1073 (8th Cir. 2004) (quoting Morris v. Barkbuster, Inc., 923 F.2d 1277, 1280 (8th Cir. 1991)). None of the actions giving rise to Rousseau's petition occurred in North Dakota nor do his allegations have any connection with this state. Furthermore, there are no allegation indicating any of the Respondents purposefully availed themselves of the benefits and protections of North Dakota law. See id. at 1073.

In sum, this Court concludes that Rousseau's petition seeking habeas corpus relief and pursuing other civil claims cannot proceed in the District of North Dakota for lack of personal jurisdiction over any of the Respondents.

### C. Other Matters

When jurisdiction is lacking, a district court has authority to transfer a civil suit to any other jurisdiction in which the action could have been brought. See 28 U.S.C. § 1631; see also 28 U.S.C. §§ 1404, 1406. Rousseau's petition alleges it would be inconvenient and costly for him to litigate in South Dakota. (Doc. No. 5 at 3-4). Thus, this Court does not recommend transfer to the District of South Dakota absent Rousseau's consent. Finally, because the Court lacks personal jurisdiction over the Respondents, the Motion to Amend the petition is futile and should be denied.

### III. RECOMMENDATIONS

For the reasons stated above, this Court recommends:

1. Rousseau's Motion for Writ of Habeas Corpus and Amended Motion for Writ of Habeas Corpus under 25 U.S.C. § 1303, 28 U.S.C. §§ 2241 and 2254 (Doc. Nos. 1, 5) be **DISMISSED**;

2. The Motion for Leave to File Second Amended Motion for Writ of Habeas Corpus (Doc. No. 9) be **DENIED;**

3. The Court certify that an appeal from the dismissal of this action may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith; and

4. A certificate of appealability not be issued.

Dated this 10th day of February, 2025.

>   */s/  Clare R. Hochhalter*
>   Clare R. Hochhalter, Magistrate Judge
>   United States District Court

### NOTICE OF RIGHT TO OBJECT[4]

The Petitioner may object to this Report and Recommendation by filing with the Clerk of Court no later than **February 24, 2025**, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.

---

[4] See Fed. R. Civ. P. 72(b); D.N.D. Civ. L.R. 72.1(D)(3).